UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**TEDKIEYA MCFADDEN,**
 Petitioner,

v.

**NEELY,**
 Respondent.

Case No. 7:23-cv-218-CLM-HNJ

## MEMORANDUM OPINION

 The Magistrate Judge has entered a report, recommending the court deny Petitioner Tedkieya McFadden's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) and dismiss her claims with prejudice because the BOP provided McFadden with due process before revoking 41 days of good time credit. (Doc. 15). McFadden has objected to the report and recommendation. (Doc. 16).

### A. Background

 Following a disciplinary hearing, a Disciplinary Hearing Officer ("DHO") found McFadden guilty of possessing a contraband pink iPhone on August 28, 2020. (*See* Doc. 12-2, p. 11). In an incident report provided to McFadden before the hearing, prison officials at FPC-Danbury noted that they had discovered a pink iPhone in the ceiling of the bathroom between A and B dorm. (*See id.*). After receiving a cell phone Extraction Report and searching TRUVIEW, prison officials determined McFadden used the cell phone on August 28, 2020, because someone contacted (267) 669-9226 on that date, and McFadden was the only prisoner within BOP custody with this number on her contact list. (*See id.*). McFadden denied she used the cell phone and argued Jasmir Humphrey, another prisoner to whom she gave the contact information, used the phone instead. (*See id.*, pp. 17–18, 27). Despite Humphrey submitting a written statement that took full responsibility for using the iPhone, the DHO found that McFadden was the one who used the phone. (*See id.*).

### B. Analysis

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set forth the minimum procedural due process requirements that must be given prisoners subject to disciplinary proceedings: (1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied on and reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. *Id.* at 563–66. "The role of this court is to determine whether an inmate receives the procedural protections provided by *Wolff* and whether 'some evidence' exists which supports the hearing officer's determination." *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994).

As explained below, the record before the court establishes that prison officials afforded McFadden due process before revoking her 41 days of good time credit and "some evidence" supports the DHO's determination that McFadden possessed the contraband iPhone. So the court will overrule McFadden's objections.

1. McFadden's objections mainly challenge the DHO's failure to accept her explanation that Humphrey is the inmate who used the pink iPhone on August 28, 2020. (*See* Doc. 16). According to McFadden, the DHO did not consider all the evidence in finding her guilty of using the iPhone. (*See id.*, pp. 5–6). She also argues "the greater weight of the evidence" suggests Humphrey was the one who used the pink iPhone. (*Id.*). But as the magistrate judge correctly concluded, at least some evidence supported the DHO's conclusion that McFadden was the one who possessed the iPhone. (Doc. 15, p. 27). So even though conflicting evidence exists, this court cannot reweigh the evidence to overturn McFadden's disciplinary and the revocation of her 41 days good-time credit.

2. Besides asserting that she didn't use the pink iPhone on August 28, 2020, McFadden also points out: (1) McFadden wasn't housed at FPC-Danbury on August 8, 2020, when someone used the iPhone; and (2) the BOP housed McFadden in the Special Housing Unit from September 13, 2020, to October 13, 2020, yet someone used the pink iPhone to call or text numbers

2

associated with McFadden's contacts on October 8, 2020. (*See* Doc. 16, p. 5). The Incident Report charged McFadden with using the pink iPhone on August 28, 2020, so evidence that others used the iPhone on different dates bear little relevance to McFadden's disciplinary hearing. Plus, prison officials found the iPhone in a common area—the ceiling of a bathroom located between A and B dorm. (*See* Doc. 12-2, p. 11). As a result, the fact that other prisoners might have used the phone does not mean that McFadden did not. And as explained above, there was at least some evidence from which the DHO could conclude that McFadden did in fact use the iPhone.

3. McFadden also challenges the Chain of Custody for the pink iPhone and points to several discrepancies in the documentation supporting her disciplinary. (Doc. 16, pp. 2–5). As the magistrate judge explained, McFadden's own evidence, including her witness' written statement, established (1) the presence of a pink iPhone in the ceiling between A and B dorm; and (2) the use of the pink iPhone on August 28, 2020, and September 17, 2020, to contact numbers linked to McFadden. (*See* Doc. 15, p. 28 n.16). So McFadden hasn't shown discrepancies in the Chain of Custody documents violated her due process rights.

4. McFadden next says that prison officials violated her due process rights in two ways. First, McFadden points out that despite BOP regulations stating that inmates will ordinarily receive an incident report within 24 hours of staff learning of the inmate's involvement, she didn't receive an incident report until 18 months after prison officials found the iPhone and around a week after they discovered her connection with the phone numbers the iPhone contacted. (Doc. 16, p. 2). As the magistrate judge explained, this delay didn't violate McFadden's due process rights because (1) she received at least 24-hours advanced notice of the disciplinary hearing; and (2) prison officials' failure to follow their agency's own rules and regulations do not establish a due process violation. (Doc. 15, pp. 17–21). Plus, the record adequately explains that the 18-month delay was because prison officials didn't connect the phone to McFadden until March 2022 and then referred the matter to the FBI for potential criminal prosecution. (*Id.*, p. 18–19).

3

Second, McFadden says the delay between the incident and her hearing hindered her ability to call witnesses in her defense. (Doc. 16, p. 4). McFadden hasn't identified any potential witnesses other than Humphrey. Though Humphrey was released from BOP custody before McFadden's hearing, the DHO considered Humphrey's written statement in making his disciplinary determination. (Doc. 15, pp. 21–22). And McFadden hasn't explained why Humphrey's written statement wasn't sufficient. So McFadden has failed to show that the delay prejudiced her. *See Nolley v. Warden, Macon State Prison*, 820 F. App'x 845, 857 (11th Cir. 2020).

5. McFadden finally asserts that the number BOP used to connect McFadden to the pink iPhone wasn't on her BOP contact list until July 3, 2021, well after the iPhone's use on August 28, 2020. (Doc. 16, pp. 5–6). But McFadden admits she gave that phone number to Humphrey before August 28, 2020, and that the number belonged to McFadden's friend. (*See id.*). This admission establishes McFadden's connection to the phone number at the time of its use, even if nothing within the BOP's system tied McFadden to the number until later.

—

In summary, having considered the record, including the magistrate judge's report and McFadden's objections, the court **ADOPTS** the magistrate judge's report, **ACCEPTS** his recommendation, and **OVERRULES** McFadden's objections. Consistent with the magistrate judge's recommendation, the court **DENIES** McFadden's § 2241 petition and **DISMISSES** her claims **WITH PREJUDICE**. The court will enter a separate final judgment that carries out this ruling.

**Done** on February 28, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE